083803.0971(207)　　　　　　　　RMC:lab　　　　　　　　　　No. 397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SPECIALTY RISK OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **BADGER MUTUAL INSURANCE COMPANY,** | ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Specialty Risk of America, by and through its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendant, Badger Mutual Insurance Company, alleges the following:

### JURISDICTION

1.　The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of priority of insurance coverage because the insurance policy Specialty Risk of America issued to its Insured contains an excess "other insurance" provision.

### VENUE

2.　Venue is premised upon 28 U.S.C. §1391 as the Defendant does business in this District.

## THE PARTIES

3. Specialty Risk of America ("SPRISKA") is an Illinois insurance corporation, which maintains its principal place of business in Springfield, Illinois, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois.

4. Badger Mutual Insurance Company ("Badger Mutual") is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.

## THE SPRISKA POLICY OF INSURANCE

5. SPRISKA issued its Commercial Package policy of insurance numbered 10-2017-818 to Seminary & Cherry Holdings, LLC as named insured. The policy provided for, among other things, Commercial General Liability Insurance for the effective period of January 27, 2018 to January 27, 2019. The Commercial General Liability coverage part ("CGL policy") of the Commercial Package policy has a limit of liability of $1,000,000 each occurrence, however, pursuant to an endorsement, the coverage applies as excess where, as here, the insureds of SPRISKA are additional insureds by endorsement on another carrier's policy. A true and correct copy of the aforesaid policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

6. The SPRISKA policy endorsement titled "OTHER INSURANCE AMENDMENT" provides, in part, as follows (Ex. A. at 41):

### OTHER INSURANCE AMENDMENT

The policy is amended as follows. All other "terms" of the policy apply, except as amended by this endorsement.

**CONDITIONS**

Item 2.c. under Conditions is deleted and replaced by the following:

c.  Insurance under this Commercial Liability Coverage is excess over any other insurance:

  1) if the other insurance, whether primary, excess, contingent, or on any other basis, provides:

    a) fire, extended coverage, builders' risk, installation risk, or similar coverage for "your work"; or

    b) fire insurance for premises rented to "you";

  2) if the other insurance applies to any loss arising out of the maintenance or use of aircraft, "autos", or watercraft which may be covered by this policy; or

  3) if the other insurance is primary insurance and is available to "you" to cover liability arising out of the:

    a) premises or operations;
    b) completed work: or
    c) products;

    for which "you" have been added as an additional insured by endorsement to the policy.

7. Badger Mutual issued its Commercial General Liability Insurance policy numbered 00716-10554 to Richard E. Spitzig who did business as The Pub, a tavern, located in premises known as 105 South Seminary Street in Galesburg, Illinois, for the effective policy period of August 8, 2017 to August 8, 2018. The Badger Mutual policy provided for, among other things, Commercial General Liability Insurance for the operation of the premises leased by Spitzig from Seminary & Cherry Holdings, LLC. A true and correct copy of the Badger Mutual policy is attached hereto, made a part hereof, and is marked as Pleading Exhibit B.

8. The Badger Mutual policy not only scheduled Seminary & Cherry Holdings, LLC as an insured additional interest, but the policy was specifically endorsed to include the "landlord" of the Badger Mutual insured as an additional insured. The Additional Insured – Landlord endorsement to the Badger Mutual policy provides as follows (Ex. B. at 58):

### ADDITIONAL INSURED - LANDLORD

Policy Number:

Name – Person or Organization:

Location of Premises:

The Commercial Liability Coverage is amended as follows

**DEFINITIONS**

The definition of **insured** is amended to include a person or organization above, but only for liability arising out of premises shown above, only while you lease or occupy those premises.

This insurance does not apply to structural alterations, new construction and demotion operations performed by or for that person or organization.

9. The Badger Mutual policy provides that it is primary insurance except when certain conditions apply, none of which is applicable here.

> 2. **Insurance Under More Than One Policy** – (Applies to all coverages except Coverage M – Medical Payments)
>
> a. Insurance under this Commercial Liability Coverage is primary except as provided under paragraph 2.c. below, or unless otherwise stated. The amount of **our** liability is not reduced because of other insurance which applies to the loss on other than a primary basis.

\* \* \* \* \*

### THE UNDERLYING LITIGATION

10. An action has been filed against the insureds of these carriers in the Circuit Court of the 9th Judicial Circuit, Knox County, Illinois for damages under the Illinois Wrongful Death Act and the Survival Act for the April 1, 2018 shooting death, off of the premises of The Pub, of Jenni McGruder, under Cause No. 19 L 14. A true and correct copy of the Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

11. Seminary & Cherry Holdings, LLC, the named insured of SPRISKA, and its principal, Shirley Chu, leased the premises known as The Pub located on Seminary Street in Galesburg, Illinois to Spitzig. A true and correct copy of the lease agreement is attached hereto, made a part hereof, and is marked as Pleading Exhibit D.

12. The aforesaid insureds of SPRISKA following the filing of suit against them in Knox County, Illinois tendered their defense to Badger Mutual which accepted that tender subject to reservation of rights. A true and correct copy of the reservation of rights letter dated August 5, 2019 is attached hereto, made a part hereof, and is marked as Pleading Exhibit E.

13. In its reservation of rights letter, Badger Mutual failed to recognize the SPRISKA insureds as additional insureds under the Badger Mutual policy by a specific additional insured endorsement, failed to recognize that its policy provided Incidental Contractual Liability Coverage where, as here, liability was assumed by its insured

5

pursuant to a lease of premises specifically identified as an incidental contract under the policy, and it failed to reserve or identify any policy defense as to priority of coverage.

14. Badger Mutual as indicated has agreed to provide Seminary & Cherry Holdings, LLC and Shirley Chu with a defense under its CGL policy subject to reservation, however, Badger Mutual has failed to reserve its right that it is not primary or that it has not been selectively tendered their defense.

## COUNT I
### (DECLARATORY JUDGMENT RE: BADGER MUTUAL IS PRIMARY)

15. SPRISKA adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same were fully set forth herein.

16. While the SPRISKA CGL policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury" as defined, that policy provides excess coverage for "bodily injury" and related claims for which its insureds may be liable where those insureds are additional insureds on another insurer's policy, and the Badger Mutual policy, Pleading Exhibit B, in its other insurance clause states that it provides primary insurance and which policy includes an additional insured endorsement applicable to the SPRISKA insureds, thereby making the SPRISKA policy excess. In addition, the Incidental Contractual Liability Coverage in the Badger Mutual policy operates to make that policy primary pursuant to its named insured's contractual obligation to provide insurance for the lessors, who are the SPRISKA insureds.

17. The above contentions of SPRISKA are, on information and belief, denied by Badger Mutual which, in turn, contends that it is not the primary carrier. SPRISKA, in turn, denies the contrary contentions of Badger Mutual and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties, which may be determined by a judgment or order of this Court. Pursuant to the terms of and provisions of 28 U.S.C. ¶¶ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Specialty Risk of America, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That the Specialty Risk of America policy issued to Seminary & Cherry Holdings, LLC and its manager, Shirley Chu, is excess to the Badger Mutual Insurance Company policy issued to Richard E. Spitzig, which policy provides primary insurance for Seminary & Cherry Holdings, LLC and Shirley Chu in connection to the Complaint and claims made against Seminary & Cherry Holdings,

   LLC and Shirley Chu in the action filed in the Circuit Court of the 9th Judicial Circuit, Knox County, Illinois, under Cause No. 19 L 14.

B. That the Court grant Specialty Risk of America such other and further relief as the Court deems fit and just under the circumstances.

C. That Specialty Risk of America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

       Respectfully submitted:

       */s/ Robert Marc Chemers*
       Robert Marc Chemers
       ARDC No. 0431508
       PRETZEL & STOUFFER, CHARTERED
       One South Wacker Drive, Suite 2500
       Chicago, Illinois 60606
       Telephone: (312) 578-7548
       Fax: (312) 346-8242
       E-Mail: rchemers@pretzelstouffer.com
       *Attorneys for Plaintiff*